**THE ATKIN FIRM, LLC**
Formed in the State of New Jersey
By:   John C. Atkin, Esq.
55 Madison Avenue, Ste. 400
Morristown, NJ 07960
Tel.: (973) 314-8010 / Fax: (833) 693-1201
JAtkin@atkinfirm.com
*Attorneys for Plaintiff Strike 3 Holdings, LLC*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>              Plaintiff,<br><br>v.<br><br>JOHN DOE infringer identified as using IP address 69.112.9.128,<br><br>              Defendant. | Civil Action No. _____<br><br><br><br><br>**COMPLAINT &<br>DEMAND FOR JURY TRIAL** |

Plaintiff, Strike 3 Holdings, LLC ("Strike 3" or "Plaintiff"), brings this Complaint against Defendant, John Doe infringer identified as using IP address 69.112.9.128 ("Defendant"), and alleges as follows:

**Introduction**

1.     This is a case about the ongoing and wholesale copyright infringement of Plaintiff's motion pictures by Defendant, who is referred to at this point as "John Doe." Plaintiff is aware of Defendant's identity, but has filed this suit against them pseudonymously and will file a motion to permit Defendant to litigate

1

this case pseudonymously through discovery.

2. Plaintiff is the owner of award winning, critically acclaimed adult motion pictures.

3. Strike 3's motion pictures are distributed through the *Blacked*, *Tushy*, *Vixen*, and *Blacked Raw* adult websites and DVDs. With millions of visitors to its websites each month, the brands are famous for re-defining adult content, creating high-end, artistic, and performer-inspiring motion pictures produced with a Hollywood style budget and quality.

4. Defendant is an egregious infringer of Plaintiff's registered copyrights and has been documented infringing 164 Works over an extended period of time. Defendant has used the BitTorrent protocol to affect this rampant and wholesale copyright infringement. Defendant not only has downloaded Plaintiff's motion pictures, but they have also distributed them to others.

5. Although Defendant attempted to hide this theft by infringing Plaintiff's content anonymously, a Florida state court order permitted Plaintiff to serve a subpoena on their Internet Service Provider ("ISP"), Optimum online ("Optimum"), to discover the identity of the subscriber assigned IP address 69.112.9.128, the IP address Defendant used to download and share Plaintiff's works.

6. Based on Plaintiff's investigation of the subscriber and publicly

available resources, Plaintiff identified Defendant as the true infringer.

## Jurisdiction and Venue

7. This is a civil action seeking damages under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (jurisdiction over copyright actions).

9. This Court has personal jurisdiction over Defendant because Defendant used an Internet Protocol address ("IP address") traced to a physical address located within this District to commit copyright infringement. Therefore: (i) Defendant committed the tortious conduct alleged in this Complaint in this State; and, (ii) Defendant resides in this State and/or; (iii) Defendant has engaged in substantial – and not isolated – business activity in this State.

10. Pursuant to 28 U.S.C. § 1391(b) and (c), venue is proper in this district because: (i) a substantial part of the events or omissions giving rise to the claims occurred in this District; and, (ii) the Defendant resides (and therefore can be found) in this District and resides in this State. Additionally, venue is proper in this District pursuant 28 U.S.C. § 1400(a) (venue for copyright cases) because Defendant resides or may be found in this District.

**Parties**

11. Strike 3 is a Delaware limited liability company located at 2140 S. Dupont Hwy, Camden, DE.

12. Defendant John Doe infringer identified as using IP address 69.112.9.128 is [REDACTED], an individual currently residing at [REDACTED].

**Factual Background**

*Plaintiff's Award-Winning Copyrights*

13. Strike 3's subscription-based websites proudly boast a paid subscriber base that is one of the highest of any adult-content sites in the world. Strike 3 also licenses its motion pictures to popular broadcasters and Strike 3's motion pictures are the number one selling adult DVDs in the United States.

14. Strike 3's motion pictures and websites have won numerous awards, such as "best cinematography," "best new studio," and "adult site of the year."

15. Strike 3's motion pictures have had positive global impact, leading more adult studios to invest in better content, higher pay for performers, and to treat each performer with respect and like an artist.

16. Unfortunately, Strike 3, like a large number of other makers of motion picture and television works, has a major problem with Internet piracy. Often appearing among the most infringed popular entertainment content on torrent websites, Strike 3's motion pictures are among the most pirated content in the

world.

### *Defendant Used the BitTorrent File Distribution Network to Infringe Plaintiff's Copyrights*

17. BitTorrent is a system designed to quickly distribute large files over the Internet. Instead of downloading a file, such as a movie, from a single source, BitTorrent users are able to connect to the computers of other BitTorrent users in order to simultaneously download and upload pieces of the file from and to other users.

18. To use BitTorrent to download a movie, the user has to obtain a "torrent" file for that movie, from a torrent website. The torrent file contains instructions for identifying the Internet addresses of other BitTorrent users who have the movie, and for downloading the movie from those users. Once a user downloads all of the pieces of that movie from the other BitTorrent users, the movie is automatically reassembled into its original form, ready for playing.

19. BitTorrent's popularity stems from the ability of users to directly interact with each other to distribute a large file without creating a heavy load on any individual source computer and/or network. It enables Plaintiff's motion pictures, which are often filmed in state of the art 4kHD, to be transferred quickly and efficiently. Moreover, BitTorrent is designed so that the more files a user offers for download to others, the faster the user's own downloads become. In this way, each user benefits from illegally distributing other's content and violating

5

copyright laws.

20. Each piece of a BitTorrent file is assigned a unique cryptographic hash value.

21. The cryptographic hash value of the piece ("piece hash") acts as that piece's unique digital fingerprint. Every digital file has one single possible cryptographic hash value correlating to it. The BitTorrent protocol utilizes cryptographic hash values to ensure each piece is properly routed amongst BitTorrent users as they engage in file sharing.

22. The entirety of the digital media file also has a unique cryptographic hash value ("file hash"), which acts as a digital fingerprint identifying the digital media file (*e.g.*, a movie). Once infringers complete the downloading of all pieces which comprise a digital media file, the BitTorrent software uses the file hash to determine that the file is complete and accurate.

23. Defendant used the BitTorrent file network to illegally download and distribute Plaintiff's copyrighted motion pictures.

24. Plaintiff has developed, owns, and operates an infringement detection system.

25. Plaintiff's infringement detection system established direct TCP/IP connections with the Defendant's IP address, as outlined in Exhibit A, while Defendant was using the BitTorrent file distribution network.

26. While Defendant was infringing, Plaintiff's infringement detection system downloaded from Defendant one or more pieces of the digital media files containing Strike 3's motion pictures listed in Exhibit A ("Works"), as identified by the hash value associated with the metadata in each of the torrent files correlating to the Works.

27. A full copy of each digital media file was downloaded from the BitTorrent file distribution network, and it was confirmed through independent calculation that the file hash correlating to each file matched the file hash associated with Plaintiff's copyrighted movie downloaded by Defendant.

28. Defendant downloaded, copied, and distributed Plaintiff's Works without authorization.

29. At no point did Plaintiff's infringement detection system upload content to any BitTorrent user.

30. The digital media files have been verified to contain a digital copy of a motion picture that is identical (or alternatively, strikingly similar or substantially similar) to Plaintiff's corresponding original copyrighted Works.

31. Defendant's infringement was continuous and ongoing.

32. Plaintiff owns the copyrights to the Works and the Works have been registered with the United States Copyright Office.

33. The United States Copyright Office registration information for the

Works, including the registration number, is outlined in Exhibit A.

34. Plaintiff seeks statutory damages and attorneys' fees under 17 U.S.C. § 501 of the United States Copyright Act.

***Discovery Will Likely Show that Defendant is the Individual Who Infringed Plaintiff's Copyrighted Works***

35. Plaintiff's investigation has determined that Defendant is the person who used IP address 69.112.9.128 to infringe on its copyrighted works.

36. In response to Plaintiff's subpoena, the ISP indicated that IP address 69.112.9.128 was assigned to Defendant at the residence identified in paragraph 12 above during at least one time of infringement.

37. Defendant lived at the residence identified in paragraph 12 above during the period of infringement.

38. Plaintiff logged BitTorrent network activity emanating from IP address 69.112.9.128 involving works other than Plaintiff's copyrighted works. Collectively, this evidence is referred to as the "Additional Evidence."

39. [REDACTED].

40. [REDACTED].

41. [REDACTED].

42. [REDACTED].

## COUNT I

## Direct Copyright Infringement

43. The allegations contained in paragraphs 1-42 are hereby re-alleged as if fully set forth herein.

44. Plaintiff is the owner of the Works, which is an original work of authorship.

45. Defendant copied and distributed the constituent elements of Plaintiff's Works using the BitTorrent protocol.

46. At no point in time did Plaintiff authorize, permit or consent to Defendant's distribution of its Works, expressly or otherwise.

47. As a result of the foregoing, Defendant violated Plaintiff's exclusive right to:

(A) Reproduce its Works in copies, in violation of 17 U.S.C. §§ 106(1) and 501;

(B) Distribute copies of the Works to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501;

(C) Perform the copyrighted Works, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the Works' images in any sequence and/or by making the sounds accompanying the Works' audible and transmitting said performance of the

work, by means of a device or process, to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definitions of "perform" and "publicly" perform); and

(D) Display the copyrighted Works, in violation of 17 U.S.C. §§ 106(5) and 501, by showing individual images of the works non-sequentially and transmitting said display of the works by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publicly" display).

48. Defendant's infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

WHEREFORE, Plaintiff respectfully requests that the Court:

(A) Permanently enjoin Defendant from continuing to infringe Plaintiff's copyrighted Works;

(B) Order that Defendant delete and permanently remove the digital media files relating to Plaintiff's Works from each of the computers under Defendant's possession, custody or control;

(C) Order that Defendant delete and permanently remove the infringing copies of the Works Defendant has on computers under Defendant's possession, custody or control;

(D) Award Plaintiff statutory damages per infringed work pursuant to 17

U.S.C. § 504(a) and (c);

 (E) Award Plaintiff its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

 (F) Grant Plaintiff any other and further relief this Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: January 23, 2020     Respectfully submitted,

            */s/ John C. Atkin, Esq.*

            John C. Atkin, Esq.

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I, John C. Atkin, certify under penalty of perjury that the matter in controversy is not the subject of any other action or proceeding pending in any other court or any pending arbitration or administrative proceeding.

DATED: January 23, 2020   */s/ John C. Atkin, Esq.*
           JOHN C. ATKIN

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 201.1

I hereby certify that the damages recoverable in this action by Plaintiff exceeds the sum of $150,000, exclusive of interest, costs, and punitive damages.

DATED: January 23, 2020   */s/ John C. Atkin, Esq.*
           JOHN C. ATKIN